PER CURIAM.
Ricardo Pouza appeals an order denying postconviction relief. We reverse.
Defendant-appellant Pouza entered into a plea agreement on May 6, 1991, which provided, insofar as pertinent here, that the firearm mandatory minimum sentences would be served concurrently. At the sentencing proceeding on July 2, 1991, the court mistakenly stated its recollection that the agreement was for consecutive mandatory minimum sentences, and orally pronounced sentence accordingly. However, the written sentencing order provided for concurrent mandatory minimum sentences.
It appears that in 1999, the Department of Corrections requested clarification of the sentence in circuit court case number 89-42942. The court issued an order stating that the defendant’s sentence was for consecutive mandatory minimum sentences on counts I and II, and no mandatory minimum sentence on count III. A copy of this order was not provided to the defendant. This order was issued August 17, 1999.
Eventually the defendant became aware of this order through the Department of Corrections, and moved for postconviction relief. Relief was denied by the trial court, and this appeal follows.
The State concedes, and we agree, that the May 6, 1991 plea colloquy reflects an agreement for concurrent, not consecutive, mandatory minimum sentences. Defendant is entitled to enforcement of the plea agreement. Therefore we reverse the order denying postconviction relief and remand with directions to issue a corrected sentencing order providing that the mandatory minimum sentences on counts I and II will be concurrent, and vacating that part of the August 17, 1999 order which is to the contrary. We do not disturb that part of the August 17, 1999 order which indicates that there is no mandatory minimum sentence on count III.
*1177 Reversed and remanded for further proceedings consistent herewith.